THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FISH LLC, *et al.*,

        Plaintiffs,

    v.

HARBOR MARINE MAINTENANCE & SUPPLY INC,

        Defendant.

CASE NO. C17-0245-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 18). Plaintiffs seek production of an unredacted version of a vessel survey report prepared by Lynne Reister on behalf of Defendant's insurer, SwissRe. (*See* Dkt. No. 19-13) (redacted version). If necessary, Plaintiffs request this Court review an unredacted version of the report *in camera* before ruling on the motion to compel. (Dkt. No. 18 at 1.) Defendant claims Ms. Reister's report is a dual purpose document that would have been prepared differently if not for the threat of litigation and, as a result, it is privileged work product. (Dkt. No. 21 at 7–9); (*see* Dkt. No. 19-5) (Defendant's privilege log); *see also United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (the Court must ask "whether the document was created *because of* anticipated litigation, and

would not have been created in substantially similar form but for the prospect of litigation."). Defendant further asserts that Plaintiff fails to make the requisite factual showing for *in camera* review. (Dkt. No. 21 at 9–10.)

According to Cheryl Moore, SwissRe's claims specialist, she had litigation in mind when she engaged Ms. Reister to prepare the survey. (Dkt. No. 22.) She notes that she instructed Ms. Reister to "include in her report an analysis of the liability theory advanced by [the vessel's insurer] and the vessel owner(s), as well as an analysis of certain evidentiary issues that could arise in litigation." (*Id*. at 4.) But the unredacted portions of the report contradict, or at least cast doubt on, Ms. Moore's assertions. For example, according to Ms. Reister, the purpose of the report was to confirm "the vessel identity, determin[e] the probable cause of the damage, and gather[] information to prepare a report per your assignment . . . ." (Dkt. No. 19-13 at 1.) Had Ms. Reister intended to address potential litigation issues, the Court expects she would have indicated as much. Furthermore, some of the redactions are in the middle of a list of factual observations, which seems like a curious place for protected opinion information. (*See* Dkt. No. 19-13 at 3, 4.)

In order to support a request for *in camera* review, Plaintiff need "only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir.1992). Given the information contained in the redacted report, Plaintiffs meet this burden.

Defendant is DIRECTED to provide the Court no later than Monday, November 27, 2017 an unredacted copy of LodeStar Marine's May 24, 2016 Survey and Consulting Report prepared by Lynne Reister for purposes of *in camera* review. The Clerk is DIRECTED to renote Plaintiff's motion to compel (Dkt. No. 18) to November 27, 2017.

//

//

1       DATED this 20th day of November 2017.

2                                                       William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk