UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FISH, LLC, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HARBOR MARINE MAINTENANCE & SUPPLY, INC.,<br><br>　　　　　Defendant. | CASE NO. C17-0245-JCC<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Plaintiff's motion for the reasons explained herein.

Plaintiffs engaged Defendant to repair and upgrade their vessel—the Whitewater Adventure. (Dkt. No. 14 at 2.) The vessel sank while repairs and upgrades were ongoing. (*Id*. at 2–4.) Plaintiffs move the Court to compel Defendant to produce an unredacted version of a vessel survey report prepared by Lynne Reister on behalf of Defendant's insurer, SwissRe. (Dkt. No. 18 at 1–2.) Defendant asserts that the report was prepared in anticipation of litigation and is protected work product. (Dkt. No. 21 at 3); (*see* Dkt. No. 19-5) (Defendant's privilege log).

Pursuant to Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" "[u]nless

otherwise limited by court order." "[T]he discovery provisions [in Rule 26] are to be applied as broadly and liberally as possible, [with] the privilege limitation . . . restricted to its narrowest bounds." *Hickman v. Taylor*, 329 U.S. 495, 506 (1947). The party resisting discovery bears the burden to show that the privilege applies. *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d 1273, 1277 (W.D. Wash. 2013). Rule 26(b)(3) precludes discovery of documents "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). Whether a document is prepared in anticipation of litigation is based on the "nature of the document and the factual situation in the particular case." *United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011).

In analyzing dual-purpose documents, the Court must ask "whether the document was created *because of* anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." *Richey*, 632 F.3d at 568 (internal citations omitted and emphasis added). Therefore, "[t]he fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product." *Binks Mfg. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983) (internal citation and quotation marks omitted). The party claiming privilege must put forward "objective facts establishing an identifiable resolve to litigate prior to the investigative efforts resulting in the report." *Id.*

Defendant put forth a declaration from Cheryl Moore, a SwissRe claims specialist who arranged for Ms. Reister's survey, to support its assertion that SwissRe had litigation in mind when it retained Ms. Reister. (Dkt. No. 22); (*see* Dkt. No. 19-2) (email exchange between Ms. Moore and Plaintiffs' attorney regarding the pending survey). Ms. Moore instructed Ms. Reister "to include in her report an analysis of the liability theory advanced by [the vessel's insurer] and the vessel owner(s), as well as an analysis of certain evidentiary issues that could arise in litigation." (Dkt. No. 22 at 4.) Defendant claims these are topics not routinely addressed in a vessel survey prepared on behalf of an insurer. (Dkt. No. 21 at 3.) The Court is skeptical.

Based on the Court's *in camera* review of an unredacted version of the report, the Court concludes that the report would have been materially similar even if SwissRe had not anticipated litigation. "Insurance companies are in the business of paying an assured's just claim." *St. James Stevedoring Co., Inc. v. Femco Mach. Co.*, 173 F.R.D. 431, 433 (E.D. La. 1997) (internal citation and quotation marks omitted). "Where shortly after a casualty an insurance company retains a surveyor to conduct an investigation which will assist insurers in performing these or related functions, they are simply doing business as usual, and the documents generated thereby are not protected from discovery." *Id*. Ms. Reister's report contains information that the Court would expect to see in a routine insurance claim investigation, whether or not a lawsuit was looming. This is particularly true for an insurer such as Defendant's, where Defendant's policy would not cover losses for which Defendant is not liable.

Therefore, the Court finds that the report prepared by Ms. Reister is not protected work product and is discoverable. Plaintiffs' motion to compel (Dkt. No. 18) is GRANTED. Defendant is DIRECTED to provide Plaintiffs an unredacted copy of LodeStar Marine's Survey and Consulting Report for Loss Report File #16-C0229 dated May 24, 2016.

DATED this 27th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE
DGE