THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FISH, LLC, *et al.*, | CASE NO. C17-0245-JCC |
| Plaintiffs, | ORDER |
| v. | |
| HARBOR MARINE MAINTENANCE & SUPPLY, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs engaged Defendant to repair and upgrade a vessel—the Whitewater Adventure. (Dkt. No. 14 at 2.) The vessel sank on or around November 22, 2015 after Defendant returned the vessel to Plaintiffs' boathouse, while repairs and upgrades were ongoing. (Dkt. Nos. 14 at 2–4, 30 at 2.) Plaintiffs bring claims for breach of contract, breach of warranty, breach of a bailment agreement, and negligence. (Dkt. No. 14 at 4–7.) Plaintiffs allege the vessel sank because Defendant returned the vessel to the boathouse unfinished and in an unseaworthy condition. (Dkt. No. 35 at 1.) Plaintiffs believe Defendant returned the vessel unfinished because

the shop was overworked and understaffed. (*Id*.) Plaintiff seeks compensatory and punitive damages. (Dkt. No. 14 at 8.) At issue are the following of Plaintiffs' discovery requests:

> <u>INTERROGATORY NO. 24</u>: Identify each and every vessel in [Defendant's] repair facility between August 1, 2015 and November 30, 2015, specifying the date the vessel was delivered to [Defendant] for service and the date the vessel was redelivered to the owner.

(Dkt. Nos. 31-1 at 3.)

> <u>REQUEST FOR PRODUCTION NO. 26</u>: Produce the documents relating to [Defendant's] net worth and financial condition for the past ten (10) years, including, without limitation, financial statements, profit and loss statements, cash flow statements, ledgers, payroll records, annual reports, and state and federal corporate tax returns.

(*Id*. at 4.)

Defendant objected to the requests as "overly broad and unduly burdensome." (Dkt. No. 31-2 at 3.) As to Interrogatory No. 24, Defendant claimed that its available records do not allow it to determine whether its personnel repaired a vessel on-site or in the field during the period at issue. (*Id*.) For Defendant to fully respond to Plaintiffs' interrogatory, it would need to "manually screen over 80,000 transactions" from archived parts, labor, and transaction ledgers for each vessel under repair during the period at issue "to identify transactions that would be consistent with a vessel project being performed in the shop (such as a labor entry)." (Dkt. No. 32 at 5.) Follow-up discussions with technicians who worked on the vessel would be required in instances where the ledger review led to inconclusive results. (*Id*.) Defendant estimates this process would require "thousands of hours" and may not result in accurate information, as some of those technicians are no longer available for query. (Dkt. Nos. 31-2 at 3, 32 at 5.) As to Request for Production No. 26, Defendant claimed that "[e]very single document in [Defendant's] custody and control arguably relates, in some manner, to [Defendant's] financial condition." (Dkt. No. 31-2 at 4.) Therefore, "[a]ssembling, redacting, and producing all of these documents would be a monumental task, which could take months." (*Id*.)

The parties have met and conferred, and are unable to reach agreement. (Dkt. No. 30 at 1.) Plaintiffs seek an order from the Court compelling Defendant to respond to Plaintiffs' Interrogatory No. 24 and Request for Production No. 26. (*Id.*) Defendant objects to Plaintiffs' motion and seeks costs and fees in responding pursuant to Federal Rule of Civil Procedure 37. (Dkt. No. 32 at 12.)

## II. DISCUSSION

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve their discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to issue an order to compel. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). For the Court to do so, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017).

"Parties may obtain discovery . . . that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

### A. Interrogatory No. 24

Defendant asserts the information Plaintiffs seek is "of little or no relevance" because the reason for moving the vessel to Plaintiffs' boathouse is irrelevant to the issue of Defendant's negligence. (Dkt. No. 32 at 9.) Defendant also asserts that even if the shop's workload is relevant, it has provided sufficient information on the issue, namely payroll records and

deposition testimony from shop employees describing the number of vessels in the shop. (Dkt. No. 32 at 10.) Defendant further asserts that complying with the request would result in an undue burden, given the amount of time needed to sift through its off-site records and query employees (*Id*.) Plaintiffs respond that the information it seeks is relevant in proving its theory of the case, that information produced by Defendant to date is incomplete and conflicting, and that deficiencies in Defendant's recordkeeping system are not an excuse to avoid discovery. (*See* Dkt. No. 35 at 3–4.)

The Court agrees with Plaintiffs. Why Defendant returned the vessel unfinished is relevant to Plaintiffs' theory of liability. Therefore, the shop's workload at the time Defendant returned the vessel is a permissible request pursuant to Federal Rule of Civil Procedure 26. *See Surfvivor Media, Inc.*, 406 F.3d at 635. Further, the information Defendants have provided to date does not adequately address the issue. The payroll records are incomplete. (*See* Dkt. Nos. 36-2, 36-3). Defendant's employees' and owner's deposition testimony is conflicting, ranging from six to fifteen projects at the time Defendant worked on Plaintiffs' vessel, with other employees indicating it would be difficult to give any estimate, given how quickly things changed on a day-to-day basis at the shop. (*Compare* Dkt. No. 36-5 at 4, *with* Dkt. Nos. 33-1 at 3, 36-6 at 4, 36-8 at 5).

The Court is sympathetic to Defendant's claim that Plaintiffs' interrogatory, while seemingly innocuous, would require a tremendous amount of time to respond, given the limitations of its recordkeeping system. But this is Defendant's concern, not Plaintiffs'. *See Phillips v. Clark County Sch. Dist*., 10-CV-2068-GMN, slip op., at 14 (D. Nev. Jan. 18, 2012) ("The fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to grant a protective order if the requested material is relevant and necessary to the discovery of admissible evidence . . . Nor can a party rely on an inadequate record keeping system as an excuse for not locating and producing relevant information."); *see also All. to End*

*Repression v. Rochford*, 75 F.R.D. 441, 447 (N.D. Ill. 1977) (similar holding); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) (similar holding).

Therefore the Court GRANTS Plaintiffs' motion compelling a response to Interrogatory No. 24.

### B. Request for Production No. 26

Defendant admits that some of its financial information is relevant to Plaintiffs' ability to explore their claims for punitive damages, but object to the scope of Request for Production No. 26. (Dkt. No. 32 at 10–11.) Defendant argues that precedent only calls for "the two most recent tax returns, and that's it." (*Id*. at 11) (citing *Bartech Sys. Intl., Inc. v. Mobile Simple Sols.*, Inc., C15-2422-MMD-NJK, slip op. at 4 (D. Nev. Feb. 12, 2018); *Chudacoff v. U. Med. Ctr.*, C08-00863-RCJ, slip op. at 4 (D. Nev. Feb. 1, 2013)). Those decisions, in turn, relied heavily on analysis of the issue by *U.S. v. Autumn Ridge Condominium Association, Inc.*, 65 F.R.D. 323 (N.D. Ind. 2009). In *Autumn Ridge*, the Court permitted discovery of nearly three years of financial information, not two, and allowed for the discovery of financial information well beyond tax returns. *Id.* at 329. However, the Court understands Plaintiffs have agreed to narrow the scope of Request for Production No. 26 to "tax returns, year-end statements, and profit and loss statements for 2014–17." (Dkt. No. 35 at 6.) This request, as narrowed, is proportional. On this basis, the Court GRANTS Plaintiffs' motion compelling production in part, as narrowed by Plaintiffs' agreement.

### C. Related Issues

Based on a June 4, 2018 trial date, the discovery period for this case closed February 4, 2018. The Court STAYS this period, but only as required for Defendant to respond to Interrogatory No. 24 and Request for Production No. 26. The Court will not consider adjusting other case management dates, including the date to file dispositive motions, absent a motion to extend citing good cause.

The information contained in Defendant's request for production is sensitive. (*See* Dkt. Nos. 30 at 1, 32 at 7.) On this basis, the parties are DIRECTED to prepare a stipulated protective order for the Court's entry, using the Court's model order.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (Dkt. No. 30) is GRANTED in part and DENIED in part, accordingly:

1. Defendant is ORDERED to respond to Interrogatory No. 24 within fourteen (15) days of this order.
2. Defendant is ORDERED to respond to Request for Production No. 26, as narrowed by Plaintiff, within fourteen (15) days of this order.
3. The parties are DIRECTED to file a stipulated protective order, as described above, within seven (7) days of this order.
4. The discovery period for this case is STAYED solely for purposes of Defendant's response to Interrogatory No. 24 and Request for Production No. 26.
5. Defendant's request for attorney fees pursuant to Federal Rule of Civil Procedure 37 is DENIED as moot.

DATED this 1st day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE